| | |
|---|---|
| FINISHMASTER, INC., <br>     *Plaintiff and Defendant-in-Counterclaim,* <br><br>     *vs.* <br><br> RICHARD'S PAINT AND BODY SHOP, LLC d/b/a CUSTOM CAR CRAFTERS, and RICHARD W. WOOD, <br>     *Defendant and Plaintiffs-in-Counterclaim.* | 1:10-cv-01157-JMS-DML |

RICHARD'S PAINT AND BODY SHOP, LLC,
    *Consolidated Plaintiff,*

    *vs.*

BASF CORPORATION and FINISHMASTER, INC.,
    *Consolidated Defendants.*

FINISHMASTER, INC.,
    *Third-Party Plaintiff*

    *vs.*

BASF CORPORATION,
    *Third-Party Defendant.*

BASF CORPORATION,
    *Consolidated Third-Party Plaintiff*

    *vs.*

RICHARD'S PAINT AND BODY SHOP, LLC d/b/a CUSTOM CAR CRAFTERS,
    *Consolidated Third-Party Defendant.*

## ORDER

Presently before the Court in this now consolidated breach-of-contract action is the Motion to Change Venue filed by Richard's Paint and Body Shop, LLC and Richard W. Woods (collectively, "Richard's"). [Dkt. 56.] Both other parties to this action, BASF Corporation ("BASF") and FinishMaster, Inc. ("FinishMaster") oppose the motion.

### I.
#### BACKGROUND

#### A.  The Parties' Dispute

This action arises from a triangular relationship among Richard's, BASF, and FinishMaster. Richards entered into a requirements contract with BASF for automotive refinishing products, products which BASF manufactures and which Richard's proposed to use in its Texas operations. [1:11-cv-00358-SEB-DML, dkt. 1-43.] Richards also entered into a requirements contract with FinishMaster for automotive refinishing products. [Dkt. 1-1.] Because FinishMaster distributes BASF products, Richards could comply with both contracts by buying from FinishMaster. [*See* 1:11-cv-00358-SEB-DML, dkt. 31 ¶11.] Things progressed smoothly for a time. But eventually the relationship broke down: Richards stopped its purchases because, it contends, the products had been misrepresented and were defective, a charge that FinishMaster and BASF deny. [*See* dkt. 18; 1:11-cv-00358-SEB-DML, dkt. 1-15.]

The parties' dispute resulted in two lawsuits.

#### B.  The "Indiana" Action

FinishMaster first sued Richard's in this Court. [Dkt. 1.] In electing to sue here, Indiana-formed and -based FinishMaster, [dkt. 1 ¶1], exercised the following right from the parties' contract:

> This Agreement shall be governed by the laws of the State of Indiana, without regard to any conflict of law rules. The parties consent to and submit to the juris-

diction of the federal and state courts located in Indianapolis, Indiana. Any appropriate state or federal court located in Indianapolis, Indiana, shall have jurisdiction over any case or controversy arising under or in connection with this Agreement and shall be a proper forum in which to adjudicate such case or controversy.

[Dkt. 1-1 at 3.] When Richard's asserted a counterclaim against it, FinishMaster brought BASF into this litigation, a Delaware corporation based in New Jersey, [dkt. 31 ¶2].

### C. The "Texas" Action

In the second lawsuit growing out of the parties' dispute, Richard's sued BASF in a Texas state court, a case which BASF removed to the Western District of Texas. [1:11-cv-00358-SEB-DML, dkt 1-1.] Unlike the first lawsuit, the choice of forum in the second lawsuit was not grounded upon any express contractual provision. The Richard's-BASF contract only provided as follows, after specifying New Jersey law as governing the contract: "Each party hereto submits to the jurisdiction of the courts located in Morris County, New Jersey in connection with any dispute arising under this Agreement." [1:11-cv-00358-SEB-DML, dkt 1-43 ¶8.] Later, Richard's amended its complaint to include FinishMaster as a defendant in the Texas litigation. [1:11-cv-00358-SEB-DML, dkt 1-15.]

Because the Texas litigation thus involved same parties as the litigation filed in this Court, the Western District of Texas was forced to transfer that litigation to this Court, under the Fifth Circuit's "first-filed rule." [1:11-cv-00358-SEB-DML, dkt 1-62.] Under that rule, where two substantially identical actions are pending in different federal courts, the court presiding over the later filed one must transfer the later filed action to the district court presiding over the earlier filed action for a decision about whether, and if so in which district, the later filed action should proceed. [*See id.* at 4.]

After transfer, the "Indiana" and the "Texas" actions were consolidated, without objection and without prejudice to Richard's ability to request that the Court transfer the consolidated action to Texas. [1:11-cv-00358-SEB-DML, dkt. 18.]

### D. The Parties' Witness Lists

The parties have advised each other, and the Court, of their respective potential witnesses. [*See* dkt. 63 at 7-8; 64 at 4.] The witnesses' locations have been grouped by state below:

| Witnesses' Locations | BASF | FinishMaster | Richard's |
|---|---|---|---|
| California | Yes | No | No |
| Indiana | No | No | No |
| Michigan | Yes | No | No |
| New Jersey | Yes | No | No |
| North Carolina | Yes | Yes | No |
| Oklahoma | Yes | No | No |
| Texas | Yes | Yes | Yes |

## II.
### DISCUSSION

Because everyone agrees that none of the events giving rise to the parties' dispute occurred in Indiana and because no one has any potential witnesses here, it makes no sense, Richard's says, to litigate this action here. [*See* dkt. 64 at 4-5.] It has, therefore, moved to change venue under 28 U.S.C. § 1404(a). That statute provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." *Id.* Richard's asks the Court to transfer the action to the Western District of Texas, where many of the witnesses in this action are located and where most of the conduct relevant to this action took place.

Both FinishMaster and BASF oppose the transfer motion.[1]  In their view, one dispositive fact precludes transfer:  The forum-selection clause in the Richard's-FinishMaster agreement precludes Richard's from complaining about litigating here in Indiana.  *See, e.g.*, *Northwestern Nat'l Ins. Co. v. Donovan*, 916 F.2d 372, 378 (7th Cir. 1990) ("[T]he signing of a valid forum selection clause is a waiver of the right to move for a change of venue on the ground of inconvenience to the moving party."  (citation omitted)).

Two ultimately fatal problems, however, exist with FinishMaster's and BASF's argument.[2]  First, they over-read the scope of the venue clause in the Richard's-FinishMaster agreement.  Rather than specifying Indiana as "the" sole proper forum for actions relating to the agreement, it provides only that Indiana is "a" proper forum.  [Dkt. 1-1 at 3.]  The agreement's use of the indefinite article thus permits litigation in other fora.  *Cf. Frietsch v. Refco, Inc.*, 56 F.3d 825 (7th Cir. 1995) ("The absence of the indefinite article (the clause says 'place of jurisdiction' is Germany, not 'a place of jurisdiction' is Germany) implies that there is only one place of jurisdiction.").[3]  Where, as here, a non-exclusive forum-selection clause exists, the "waiver" case law that FinishMaster and BASF rely upon does not apply.  *See Paper Express, Ltd. v. Pfankuch Maschinen GmbH*, 972 F.2d 753, 756-57 (7th Cir. 1992) ("[W]here venue is specified with mandatory or obligatory language, the clause will be enforced; where only jurisdiction is specified, the clause will generally not be enforced unless there is some further language indicating the parties' intent to make venue exclusive."  (citation omitted)).

---

[1] They only oppose transfer generally.  They make no argument that, if transfer is appropriate, the Western District of Texas would be the wrong district to receive the action.

[2] Even though BASF did not sign it, Richard's apparently accepts that BASF may rely upon the contractual language in the Richard's-FinishMaster agreement.  The Court will, therefore, assume as much as well, without definitively deciding the issue.

[3] Federal law controls the interpretation of the parties' agreement on this point.  *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 32 (1988).

Second, even if the forum-selection clause in the agreement were exclusive, § 1404(a) would still permit transfer to accommodate inconvenience to witnesses and/or to promote the better administration of justice. *See, e.g.*, *Heller Financial, Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1293 (7th Cir. 1989) ("[O]nly one of § 1404(a)'s factors—convenience of the parties—is within the parties' power to waive." (citation omitted)). Both considerations strongly weigh in favor of transfer. Because no potential witness is located here, every witness who testifies in this action will suffer the inconvenience of having to travel away from home for litigation. Of course, because of the territorial limits on this Court's subpoena power, *see* Fed. R. Civ. Pro. 45(c)(3)(A)(ii), most of the witnesses in this action cannot be compelled to testify here at all, leading to the prospect of trial by deposition. Such a result would be wholly unacceptable. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 511 (1947) ("Certainly to fix the place of trial at a point where litigants cannot compel personal attendance and may be forced to try their cases on deposition, is to create a condition not satisfactory to court, jury or most litigants."). That result would be avoided by litigating in the Western District of Texas, which has subpoena power over many of the potential witnesses in this action. As an added benefit, and contrary to FinishMaster's and BASF's claim, litigating there would also likely speed up the trial date in this action.[4] That benefit is important. *See Coffey v. Van Dorn Iron Works* 796 F.2d 217, 221 (7th Cir. 1986) ("Factors traditionally considered in an "'interest of justice' analysis relate to the efficient administration of the court system. For example, the interest of justice may be served by a transfer to a district where the litigants are more likely to receive a speedy trial." (collecting cases)).

---

[4] http://www.uscourts.gov/Viewer.aspx?doc=/uscourts/Statistics/FederalJudicialCaseloadStatistics/2010/tables/C05Mar10.pdf (showing that for the twelve-month period ending March 31, 2010, the median time-to-trial in the Southern District of Indiana was 29.6 months in civil actions, compared to 19.8 months in the Western District of Texas) (last accessed June 29, 2011).

Indeed, FinishMaster's and BASF's inability to positively identify any rational reason why they, or Congress, would want this action tried here further underscores the merits of Richard's motion. [*See* dkt. 63 at 7.] The closest that they come is to note that their disputes with Richard's do not arise under Texas law, whereas at least one of their disputes arises under Indiana law. [*Id.*] Absent a suggestion that the Indiana law that will be applied to the Richard's-FinishMaster agreement is somehow unsettled, that argument would be entitled to some weight. *See Van Dusen v. Barrack*, 376 U.S. 612, 646 (1964) ("We do not suggest that elements of uncertainty in transferor state law would alone justify a denial of transfer; but we do think that the uncertainty is one factor, among others, to be considered in assessing the desirability of transfer.").[5] But the Indiana law that will apply appears straightforward, and the federal judges and juries in Texas are as equally well equipped to apply it as are those in this District. Should any unforeseen difficult problems of Indiana state law arise, the Indiana Supreme Court will remain available to resolve them. *See* Ind. R. App. Pro. 64 ("The United States Supreme Court, any federal circuit court of appeals, or any federal district court may certify a question of Indiana law to the Supreme Court when it appears to the federal court that a proceeding presents an issue of state law that is determinative of the case and on which there is no clear controlling Indiana precedent.").

### III.
#### CONCLUSION

Whether or not Richard's and FinishMaster contractually agreed that this District would be the only proper forum for their disputes, considerations of avoiding inconvenience to witnesses and promoting the interests of justice are best served by transferring this consolidated ac-

---

[5] Because this Court is no more familiar with New Jersey law than is the Western District of Texas, this argument is irrelevant with respect to the Richard's-BASF agreement.

tion to the Western District of Texas, as permitted under 28 U.S.C. § 1404(a).  Richard's motion

to change venue, [dkt. 56], is therefore **GRANTED**.  The Clerk is directed to transfer this action

to the Western District of Texas.


06/30/2011


Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana


**Distribution via ECF only**:

Matthew B. Barr
BARNES & THORNBURG LLP
mbarr@btlaw.com

Daniel K. Burke
HOOVER HULL LLP
dburke@hooverhull.com

Joseph C. Chapelle
BARNES & THORNBURG LLP
joe.chapelle@btlaw.com

James R. Fisher
MILLER & FISHER LLC
fisher@millerfisher.com

Andrew W. Hull
HOOVER HULL LLP
awhull@hooverhull.com

Debra H. Miller
MILLER & FISHER LLC
miller@millerfisher.com

HOLLY A. PODULKA
Shiff Hardin LLP
hpodulka@schiffhardin.com

John N. Scholnick
SCHIFF HARDIN LLP

jscholnick@schiffhardin.com